**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Stephen J. Bayless** | Social Security number or ITIN **xxx–xx–1711** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: | **20–20953–TPA** | |

# Order of Discharge          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Stephen J. Bayless

6/17/20                    **By the court:**   Thomas P. Agresti
                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Stephen J. Bayless  
      Debtor

Case No. 20-20953-TPA  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: admin     Page 1 of 1     Date Rcvd: Jun 17, 2020  
                       Form ID: 318     Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2020.
```
db             +Stephen J. Bayless,    35 Tunnel Street,    West Alexander, PA 15376-2447
15216772       +First Bankcard / Sheetz,    P.O. Box 2557,    Omaha, NE 68103-2557
15216773       +LVNV Funding/Resurgent  /  Credit One,    Attn: Bankruptcy,    Po Box 10497,
                 Greenville, SC 29603-0497
15216774       +Midland Funding / Synchrony Bank,    Attn: Bankruptcy,    350 Camino De La Reine Ste 100,
                 San Diego, CA 92108-3007
15216777       +Quicken Loans, Inc.,    c/o Brooke R Waisbord, Esq.,    701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 18 2020 04:46:38      Pennsylvania Dept. of Revenue,
                 Department 280946,    P.O. Box 280946,    ATTN: BANKRUPTCY DIVISION,
                 Harrisburg, PA  17128-0946
cr             +EDI: PRA.COM Jun 18 2020 07:43:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
15216770       +EDI: DIRECTV.COM Jun 18 2020 07:43:00      Direct TV,    P.O. Box 5007,
                 Carol Stream, IL 60197-5007
15216771       +E-mail/Text: data_processing@fin-rec.com Jun 18 2020 04:45:59      Financial Recovery Services,
                 P.O. Box 385908,    Minneapolis, MN 55438-5908
15216775       +EDI: PRA.COM Jun 18 2020 07:43:00      Portfolio Recovery / Capital One,    120 Corportate Blvd.,
                 Norfolk, VA 23502-4952
15216776       +E-mail/Text: bankruptcyteam@quickenloans.com Jun 18 2020 04:48:12      Quicken Loans,
                 Attn: Bankruptcy,    1050 Woodward Avenue,    Detroit, MI 48226-1906
15217657       +EDI: RMSC.COM Jun 18 2020 07:43:00      Synchrony Bank,    c/o of PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTAL: 7

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Quicken Loans, LLC
                                                                                             TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 19, 2020                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2020 at the address(es) listed below:
```
              David A. Rice    on behalf of Debtor Stephen J. Bayless ricelaw1@verizon.net,
               lowdenscott@gmail.com
              James Warmbrodt     on behalf of Creditor    Quicken Loans, LLC bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Pamela J. Wilson    pwilson@pjwlaw.net, pwilson@ecf.axosfs.com
                                                                                             TOTAL: 4
```